UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

MASAI ANDREWS,

                              Plaintiff,          SCHEDULING ORDER
                                                  21-cv-6764-FPG-MJP
vs.

THE CITY OF ROCHESTER, et al.,

                              Defendant.

———————————————————————

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

BRENDAN BOEHNER, et al.,

                              Plaintiff,          SCHEDULING ORDER
                                                  21-cv-6574-FPG-MJP
vs.

THE CITY OF ROCHESTER, et al.,

                              Defendant.

———————————————————————

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

TIARA GRAYSON,

                              Plaintiff,          SCHEDULING ORDER
                                                  21-cv-6719-FPG-MJP
vs.

THE CITY OF ROCHESTER, et al.,

                              Defendant.

———————————————————————

1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EMILY LYNCH,

Plaintiff,                    SCHEDULING ORDER
                              21-cv-6708-FPG-MJP
vs.

THE CITY OF ROCHESTER, et al.,

Defendant.

---

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

INDIIA MARING,

Plaintiff,                    SCHEDULING ORDER
                              21-cv-6720-FPG-MJP
vs.

THE CITY OF ROCHESTER, et al.,

Defendant.

---

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WENDY PAINTING,

Plaintiff,                    SCHEDULING ORDER
                              21-cv-6709-FPG-MJP
vs.

THE CITY OF ROCHESTER, et al.,

Defendant.

---

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALYSSA PIGOTT,

                    Plaintiff,          SCHEDULING ORDER
                                               21-cv-6180-FPG-MJP

vs.

THE CITY OF ROCHESTER, et al.,

                    Defendant.

_____


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEOFFREY ROGERS,

                    Plaintiff,          SCHEDULING ORDER
                                             21-cv-6583-FPG-MJP

vs.

THE CITY OF ROCHESTER, et al.,

                    Defendant.

_____

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL SOROKTI,

                   Plaintiff,           SCHEDULING ORDER
                                          21-cv-6709-FPG-MJP

vs.

THE CITY OF ROCHESTER, et al.,

                   Defendant.

_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARANIE RAY STAAB,

                   Plaintiff,           SCHEDULING ORDER
                                          22-cv-6063-FPG-MJP

vs.

THE CITY OF ROCHESTER, et al.,

                   Defendant.

_____

Pursuant to the order of the Hon. Frank P. Geraci. Jr. referring the above cases to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16, and a conference having been held on August 23, 2023 with counsel relative to the matter, it is

ORDERED that:

4

1. All mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure, as well as any objections to the mandatory disclosure requirements, shall be completed on or before **November 3, 2023**.

2. All motions to join other parties and to amend the pleadings shall be filed on or before **March 13, 2024**.

3. All factual discovery in this case shall be completed on or before **September 3, 2024**. All motions to compel discovery shall be filed by **October 1, 2024**.

4. Plaintiffs shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **October 1, 2024**. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **November 1, 2024**. All parties shall complete all discovery relating to experts, including depositions, by **December 3, 2024**.

5. Dispositive motions, if any, shall be filed no later than **May 1, 2025**. Unless a consent to proceed before this Court is filed, such motions shall be made returnable before Judge Geraci.

6. Proposed protective/confidentiality order will be filed for the Court's signature by **November 3, 2023**.

7. A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no

dispositive motions are filed, counsel shall immediately contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

    a. <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

    b. <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

    c. <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

    d. <u>Trial:</u> State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

8. Requests to extend the above cut-off dates may be granted upon written application, made prior to the cutoff date, and showing good cause for the

extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

9. The Court requires that should any discovery dispute arise between the parties that a letter be sent to the Court detailing the dispute prior to any motion practice.

10. The parties propose to reserve their rights to request changes in limitations in discovery provided for in Rules 30, 33 and 34.

11. In the above captioned cases, as well as the other related cases pending in the Western District of New York that arise from the 2020 protests, that are being handled by undersigned counsel (except for Hall et al. v. Warren et al., 21-cv-6296), the parties shall conduct joint discovery regarding plaintiffs' *Monell* claims, to the extent practicable.

12. Plaintiffs shall serve *Monell* discovery demands separate from "individual" or "case specific" discovery demands, to the extent practicable. Because *Monell* demands have already been served in the case Amanda *Flannery v. City of Rochester*, et al., 22-cv-6101, Plaintiff shall continue to serve *Monell* discovery demands that will be applicable to all the related protest cases, in the case *Amanda Flannery v. City of Rochester*, et al., 22-cv-6101, except where case-specific issues require serving separate *Monell* demands.

7

13. Plaintiffs shall produce *Monell* discovery applicable to all the cases using a common Bates Numbering system. For example, Protest_Monell_00001.

14. Plaintiffs shall produce case specific discovery using a case-specific Bates Numbering system. For example, AFlannery_00001.

15. Defendants shall produce *Monell* discovery applicable to all the cases using a common Bates Numbering system. For example:

    a.  COR_Monell_00001 and County_Monell_00001.

16. Defendants shall produce case specific discovery using case-specific bates numbers; for example, COR_AFlannery_0001 and County _AFlannery_0001.

17. Plaintiffs anticipate taking numerous *Monell*-related depositions of City and County policymakers and high-ranking officials from the Rochester Police Department and Monroe County Sheriff's Office. Plaintiffs also anticipate taking multiple Rule 30(b)(6) depositions on various topics. The parties will work to streamline these depositions, as they will be applicable to numerous different cases.

18. The parties propose submitting a joint electronic discovery order by **December 8, 2023**. The patties anticipate that the Order will include, but not be limited to, the following issues:

    a.  Production of all body worn camera recordings by Rochester Police Department officers, Monroe County Sherriff's Deputies, and any other law enforcement officers that are in Defendants' possession, custody, or control.

8

b. Productions of a records that demonstrate what officers, by name and badge numbers, correspond to identifying information in the body worn camera videos.

c. Production of all video recordings by Aerial Drones owned or operated by the City or the Rochester Police Department, the County or the Monroe County Sherriff's Office, or any other law enforcement agency that are in Defendants' possession, custody or control.

d. Production of all metadata related to all of defendants' body worn camera recordings.

e. Production of all metadata related to defendants' drone recordings and other videos and photographs.

f. Production of photographs and videos by plaintiffs

SO ORDERED.

DATED:     _August 23, 2023_
           Rochester, New York

                                        MARK W. PEDERSEN
                                        United States Magistrate Judge