UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMILY LYNCH,

                        Plaintiff,

    v.

THE CITY OF ROCHESTER, a municipal entity, BING REAVES, LYNN MAZURKIEWICZ, as executor of the estate of ANTHONY MAZURKIEWICZ, deceased, MICHAEL DIPAOLOA, HENRY FAVOR, NASER ZENELOVIC, RAYMOND DEARCOP, RALPH MONTINARELLI, JOESPH MORABITO, SAMUEL LUCYSHYN, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office,

                        Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL**

Case No. 21-cv-06708-FPG

       The Defendants, City of Rochester, Bing Reaves, Lynn Mazurkiewicz, as executor of the estate of Anthony Mazurkiewicz, deceased, Michael DiPaola, Henry Favor, Naser Zenelovic, Raymond Dearcop, Ralph Montinarelli, Joseph Morabito, and Samuel Lucyshyn, as and for their Answer to Plaintiff's Second Amended Complaint, state upon information and belief as follows:

       1.     As and for an answer to paragraph 1, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

       2.     As and for an answer to paragraphs 2 and 3, the Defendants admit the allegations, except they deny that the City of Rochester "assumes the risks" incidental to the maintenance of a police force as this legal concept may or may not be applicable depending on the facts of each interaction.

3. As and for an answer to paragraphs 4 – 11, the Defendants admit the allegations that the named officers were Rochester police officers acting within the scope of their employment, but otherwise deny the allegations and characterizations as stated.

4. As and for an answer to paragraphs 12 – 15, Defendants admit Monroe County is a Municipal entity and that Todd Baxter is the duly elected Sheriff, but lack knowledge or information sufficient to form a belief as to the remaining allegations.

5. As and for an answer to paragraphs 16 – 17, Defendants admit venue is proper, but otherwise state the allegations are jurisdictional statements for which no response is required.

6. As and for an answer to paragraphs 18 – 21, Defendants admit the allegations as they apply to the Answering Defendants, but lack knowledge or information sufficient to form a belief as to the allegations as they apply to co-Defendants.

7. As and for an Answer to paragraph 22, the Defendants object to the form of the allegations as not in compliance with the requirements of the Federal Rules of Civil Procedure, that it is further objectionable as being ambiguous, argumentative, hyperbolic and irrelevant to the claims asserted by the Plaintiff herein, and therefore deny the allegations and characterizations as stated, but admit generally that Daniel Prude did die on March 30, 2020.

8. As and for an Answer to paragraph 23, the Defendants object to the form of the allegations as not in compliance with the requirements of the Federal Rules of Civil Procedure, that it is further objectionable as being ambiguous, argumentative, hyperbolic and irrelevant to the claims asserted by the Plaintiff herein, and therefore deny the allegations and characterizations as stated, but admit that video of Daniel Prude's encounter with police was released on or about September 2, 2020.

9. As and for an answer to paragraph 24, Defendants deny the allegations.

10. As and for an answer to paragraphs 25 – 67, Defendants deny the allegations.

11. As and for an answer to paragraphs 68 and 69, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

12. As and for an answer to paragraph 70, Defendants deny the information alleged was reported throughout the summer, deny the information alleged was accurate and further assert the references and links violate the rules of pleading of the Federal Rules of Civil Procedure and should be stricken.

13. As and for an answer to paragraphs 71 – 82, Defendants deny the allegations and characterizations as stated.

14. As and for an answer to paragraph 83, Defendants admit the allegations as to the MFF, but state that the website speaks for itself.

15. As and for an answer to paragraphs 84 - 92, Defendants deny the allegations.

16. As and for an answer to paragraphs 93 and 94, the Defendants state the record will accurately reflect the words and context and complete statements of the referenced officials relative to said statements as they do not appear complete or contextual as alleged and therefore deny the allegations and characterizations as alleged.

17. As and for an answer to paragraphs 95 – 97, the Defendants deny the allegations and characterizations as stated.

18. As and for an answer to paragraphs 98 - 116, Defendants deny the allegations.

19. As and for an answer to paragraphs 118 – 119, 121 – 122, 124 – 132, 134 – 145, 147 – 154, 156 – 166, 168 – 172, 174 – 181, 183 – 192, 194 – 199, 201 – 205, 207 – 218, 220 – 236, 238 – 246, the Defendants deny the allegations and characterizations as stated.

20. As and for an answer to paragraphs 117, 120, 123, 133, 146, 155, 166, 173, 182, 193, 200, 206, 219, 237, Defendants repeat the responses to the paragraphs referenced therein.

21. Defendants deny each and every other allegation of the Complaint not heretofore admitted, controverted, or denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

22. The individual Defendants are entitled to qualified immunity from suit as a matter of law because:

   A. No clearly established constitutional right was violated.

   B. The Defendants' actions were objectively reasonable under the circumstances.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

23. The individual Defendants are entitled to immunity from continuation of this action upon the grounds that they acted in the good-faith belief that their actions constituted a

reasonable exercise of their duties, discretion and judgment and did not breach or infringe upon the Plaintiff's constitutional rights as would be known by a reasonable person to exist at the time and circumstances then and there existing.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

24. If this action is ever construed against the City of Rochester or its employees, the official actions of the City of Rochester and its employees, agents or representatives, jointly and severally constituted good faith exercise of discretion and judgment, for which the City of Rochester and its employees, agents or representatives are immune from common-law liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

25. The Complaint fails to sufficiently allege that any of the individual Defendants acted maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow under the circumstances then and there existing and therefore the demand for punitive damages must be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

26. That all conduct by the City of Rochester, or by its officers, employees, agents or representatives was justified under the circumstances then and there existing; was privileged conduct in the performance of Defendants' police function; was supported by reasonable cause; and was reasonably necessary to the performance of its duties and was in accordance with the requirements of law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

27. Any force allegedly used did not rise to the level of a constitutional violation. That the force, if any, used on the Plaintiff was reasonable and necessary under the circumstances then and there existing.

### AS AND FOR A SEVENTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

28.     Plaintiff's damages and injuries were occasioned by their own culpable conduct and any award must be reduced proportionately.

### AS AND FOR AN EIGHTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

29.     Plaintiff failed to mitigate her damages.

### AS AND FOR A NINTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

30.     Plaintiff's damages were occasioned by the wrongful conduct of individuals not parties to this action and Defendants are entitled to an offset for the proportionate fault of such individuals.

### AS AND FOR A TENTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

31.     That in the event the Complaint is interpreted to state a cause of action based upon a theory of negligent hiring, education, training, retention and/or supervision, the Complaint must be dismissed as such claims cannot proceed in the context of claims against individual defendants for the same alleged injury or damage.

### AS AND FOR AN ELEVENTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

32.     That the City of Rochester did not authorize, condone, permit or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy authorizing or condoning any such conduct or any unconstitutional custom, policy or practice.

### AS AND FOR A TWELFTH AFFIRMATIVE
### DEFENSE, DEFENDANTS STATE:

333.    Damages against the Defendants for any state law claims must be reduced in accordance with Article 16 of the Civil Practice law & Rules.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

34. Plaintiff's damages, if any, shall be reduced by any collateral source payment plaintiff received or is or was eligible.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

35. While Defendants recognize the First Amendment rights of its citizens to protest, elements of the protest included behavior which threatened persons and property which necessitated a response to preserve order and prevent further damage.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

36. The cause of action for "supervisory liability" fails to state a cause of action and must be dismissed

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

37. Plaintiff's damages, if any, must be reduced by any and all collateral source payments available or received for economic loss.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

38. Plaintiff's state law negligence claims are barred as Defendants made no promise or representation of a duty upon which Plaintiff could or did reasonably rely.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

39. Plaintiff's damages, if any, for any state law claim must be reduced in accordance with Article 16 of the New York Civil Practice Law & Rules.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

40. The City of Rochester cannot be liable under a theory of *Respondeat Superior* for causes of action alleged.

### AS AND FOR A TWEENTIETH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

41. Punitive Damages are not available versus a municipality.

**WHEREFORE**, the Defendants demand:

(1) Judgment dismissing the Complaint;

(2) A trial by jury if the case is not dismissed

(3) The costs and disbursements of this action;

(4) Such other, further and appropriate relief which the Court deems just and proper.

November 6, 2023     LINDA S. KINGSLEY, CORPORATION COUNSEL

By: s/Patrick B. Naylon
Patrick B. Naylon, Esq.
*Attorneys for City Defendants*
30 Church Street, Room 400A
Rochester, NY  14614
(585) 428-6906
Patrick.Naylon@cityofrochester.gov

To:  ROTH & ROTH, LLP
Elliot Dolby Shields
*Co-Counsel for Plaintiff*
192 Lexington Avenue, Suite 802
New York, NY  10024

Donald Thompson
*Co-Counsel for Plaintiff*
16 West Main Street, Suite 243
Rochester, NY 14614